(No. 25161.—

MARTHA SHUSTER *et al.* Appellants, *vs.* ELIZA KRUEGER *et al.* Appellees.

*Opinion filed June 19, 1939.*

HEILE, CAVENDER, MILCHRIST & KAISER, for appellants.

HANS TORGENSEN, (HARPER E. OSBORN, of counsel,) for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

Martha Shuster and Albert J. Shuster, her husband, filed a complaint in equity in the superior court of Cook county to set aside a deed executed by Sophia Gribnitz to the defendants, purporting to convey real estate located in the city of Chicago. They alleged as grounds for setting aside the deed, the exercise of undue influence on the grantor by the grantees, and the existence of a fiduciary relationship. The plaintiffs also asked for partition of the same premises in accord with certain interests therein. The matter was referred to a master in chancery, who recommended that the complaint be dismissed for want of equity. The chancellor, after overruling all exceptions, entered a decree in conformity with the master's report. This appeal is from that order dismissing the complaint for want of equity.

Sophia Gribnitz, the grantor, was the mother of Martha Shuster, one of the appellants, and of Eliza Krueger, one of the appellees. She died on June 5, 1937, at the age of eighty-seven years, after an illness of several months. The evidence shows that she had resided with her daughter Eliza Krueger, one of the grantees in the deed, for about nine years. On April 3, 1937, Mrs. Gribnitz, while bedridden, conferred with her attorney, Paul R. Wick, concerning the preparation of the deed in question, and on April 6, 1937, executed the conveyance to her daughter, Eliza Krueger, and Henry C. Krueger, as joint tenants. The grantor signed the deed by her mark and two of her neighbors signed as witnesses. At the time the deed was executed the attorney, Mrs. Krueger, and the two witnesses were present in the room with the grantor.

The appellants introduced the testimony of Dr. C. W. Poorman to show the physical and mental condition of the grantor. He testified that Mrs. Gribnitz was suffering from dropsy and that her mental condition was very bad. He did not believe that she could see, or that she could hold a pen in her hand. In his opinion the grantor was incapable of any mental consideration whatever. He did say that she might have had lucid intervals.

Eliza Krueger, called as an adverse witness by the plaintiffs, testified that she and her husband always helped Mrs. Gribnitz take care of some of her affairs but that she (Mrs. Gribnitz) always took care of her own money.

Paul R. Wick, the attorney who prepared the deed, testified for the appellees that Mrs. Gribnitz was of sound mind and was capable of taking care of such a transaction. He stated that one of the appellees, the husband of Mrs. Gribnitz's daughter, had asked him to come to confer with the grantor. He said that he had assisted Mrs. Gribnitz in placing the pen on the paper but that she had made her own mark. Several other witnesses were called by the appellees and testified that the grantor was mentally capable of comprehending the import of the deed.

For the purposes of this appeal the appellants have waived the question of the grantor's mental ability to execute the deed, and it is, therefore, not necessary to consider in further detail testimony of the various witnesses. The appellants contend that the evidence discloses a fiduciary relationship between the grantor, Mrs. Gribnitz, and the grantee, Eliza Krueger, her daughter, and Henry C. Krueger, the daughter's husband. Assuming the existence of such a fiduciary relation they insist that a presumption of undue influence existed, which imposed upon the grantees the burden of proving the absence of undue influence.

The difficulty of appellants' position in this respect lies in their failure of proof. No substantial evidence was introduced by them tending to prove the actual existence of a fiduciary relationship, which might have established their premise, or the existence of any actual undue influence or fraud operating upon the grantor at the time of the execution of the deed. It is true, that in some cases such as attorney and client, guardian and ward, etc., fiduciary or confidential relationships will be presumed, (*Sears* v. *Vaughan,* 230 Ill. 572,) but this rule does not apply as between parent and child. *Egan* v. *Egan,* 301 Ill. 124; *Sears* v. *Vaughan, supra.*

In the case which we are considering, as in *Egan v. Egan, supra,* Mrs. Gribnitz had a right to make a gift to her daughter and son-in-law if she wished to, and the mere relationship of mother and daughter did not constitute a fiduciary relation which would raise a presumption of fraud.

There was no proof of the actual existence of a confidential relationship. Neither was there any proof of actual undue influence and the case is thus left without either proof or presumption of undue influence. The chancellor arrived at the only conclusion which the record warranted.

The decree is affirmed.

*Decree affirmed.*